DEBORAH CONNOR, Chief
D. HUNTER SMITH, Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice
    1400 New York Avenue NW
    Washington, DC 20005
    Telephone: (202) 355-5705
    Email: David.H.Smith@usdoj.gov

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1785
    Facsimile: (213) 894-0142
    E-mail: Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>          v.<br><br>REAL PROPERTY IN LOS ANGELES, CALIFORNIA,<br><br>     Defendant.<br><br>ARTYOM KHACHATRYAN,<br><br>     Claimant. | NO. 2:22-cv-02902-JLS-PDx<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br><br>Date:          August 26, 2022<br>Time:          10:30 a.m.<br>Courtroom:  8A<br><br>Before Hon. Josephine L. Staton<br>United States District Judge |

GURGEN KHACHATRYAN,

     Claimant.

WRH, INC.,

     Claimant.

SEDRAK ARUSTAMYAN,

     Claimant.

Pursuant to this Court's Order entered on June 28, 2022, counsel for plaintiff United States of America and claimants Artyom Khachatryan ("Artyom"), Gurgen Khachatryan ("Gurgen"), WRH, Inc. ("WRH," and together with Artyom and Gurgen, the "Khachatryan Claimants"), and Sedrak Arustamyan ("Arustamyan") submit this Joint Rule 26(f) Report.

Because this case is an _in rem_ forfeiture action arising from a federal statute, it is exempt from the initial disclosure and discovery planning requirements of Federal Rules of Civil Procedure 26(a) and (f).  See Fed. R. Civ. P. 26(a)(1)(B)(ii) and (f)(1). Nonetheless, the parties held a planning conference on August 4, 2022, and submit this report to aid the Court in planning for discovery and other future proceedings.  Given the Khachatryan Claimants' dispositive motions now pending before this Court and the discovery disputes set forth below, the Khachatryan Claimants specifically request a scheduling conference in connection with this case, which is currently set for August 26, 2022, and which the parties have filed a joint stipulation requesting this Court to reset for September 23, 2022 (Dkt. 29).

A.   **Statement of the Case**

*Government's Statement of the Case*:

The government has filed an in rem civil forfeiture case against the defendant real property.  In the complaint, the government alleges that the defendant real property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), (B), and (C) on the grounds that it was involved in, constitutes, is derived from, and is traceable to unlawful bribes paid by Sedrak Arustamyan for the benefit of Gagik Khachatryan ("Gagik"), the former minister of finance of the Republic of Armenia, and his sons Gurgen and Artyom, and related money laundering transactions.

Gagik, Artyom, Gurgen, and Arustamyan have been criminally charged in the Republic of Armenia for the wire transfers involved in the purchase of the defendant property.  Gurgen and Artyom own WRH, Inc., which is a corporation that asserts title to the defendant property.  The Armenian criminal cases remain pending.  Since the criminal charges were filed, Arustamyan, Gurgen, and Artyom have also filed civil litigation against one another in Armenian courts, which also remains pending.

*Khachatryan Claimants' Statement of the Case*:

On June 16, 2022, the Khachatryan Claimants filed a verified claim (Dkt. 11), in which they asserted their right to exercise their full legal rights and ownership over the defendant property in connection with the government's civil forfeiture case.  On July 7, 2022, the Khachatryan Claimants filed an answer to the government's complaint (Dkt. 25) and a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 26).  In their answer, the Khachatryan Claimants specifically denied the

government's allegations of corruption that serve as the basis of the government's forfeiture case and raised numerous affirmative defenses.  Among other things, the Khachatryan Claimants deny that that certain loan payments from Arustamyan, which the Khachatryan Claimants used to help fund their purchase and development of the defendant property, were "bribes" to Gagik as the government claims.

In their motion for judgment on the pleadings, the Khachatryan Claimants also assert that the government's complaint is based on conclusory allegations stemming from incomplete disinformation and half-truths apparently provided by a politically motivated Armenian government.  The Khachatryan Claimants argue that essential facts underlying allegations in the complaint are demonstrably false, that certain material facts that support the Khachatryan Claimants' lawful ownership of the defendant property were inexplicably missing from the complaint, that their purchase and development of the defendant property was done in a lawful and transparent manner, and as a result, the complaint fails to sufficiently allege foreign bribery, money laundering, and conspiracy, and that claimants are innocent owners of the defendant property.  The Khachatryan Claimants therefore seek a speedy resolution and dismissal of the government's complaint and a removal of any further restraint on their property.

On July 18, 2022, the Khachatryan Claimants also filed a motion to dismiss Arustamyan's verified claim (Dkt. 19) and crossclaim (Dkt. 20) for failure to state a claim and for lack of venue pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) (Dkt. 27).  The Khachatryan Claimants argue that Arustamyan's verified claim and crossclaim are procedurally flawed and fail to state a claim because Arustamyan does not have a legitimate claim to the defendant property

based on the plain language of the loan agreements between Arustamyan
and the Khachatryan Claimants.  Moreover, the Khachatryan Claimants
argue that Arustamyan's claim is based on the same facts currently
being litigated in at least five different lawsuits in Armenia
(namely, whether the Khachatryan Claimants have paid Arustamyan in
full for his loan, which the Khachatryan Claimants submit has already
occurred).  As a result, the Khachatryan Claimants seek dismissal of
Arustamyan's claim and crossclaim so it can be litigated in Armenia,
which presents a more appropriate and convenient forum for the
parties.

*Claimant Arustamyan's Statement of the Case*:

On July 27, 2022, Arustamyan filed a verified claim in which he
asserted an equitable interest and a lienholder interest in the
Defendant Real Property in Los Angeles, California.  On July 27,
2022, Arustamyan filed a separate answer to the complaint, denying
allegations in the complaint and raising numerous defenses. Further,
Arustamyan filed a counterclaim against the United States to dismiss
Plaintiff/Counter-Defendant from forfeiting the property at 530 South
Mapleton Drive, Los Angeles, CA and for declaratory judgment.
Arustamyan posits that there is no connection between the Property
and the alleged and unfounded conduct giving rise to forfeiture under
18 U.S.C. § 983(c). On July 27, 2022, Arustamyan also filed a
crossclaim against claimants Artyom and Gurgen asserting supplemental
jurisdiction pursuant to Federal Rule of Civil Procedure 13(g). Upon
Arustamyan's information and belief, the Khachatryan Claimants reside
in Yerevan, Republic of Armenia and filed their verified claim in
that district.  In his Cross-Claim against Khachatryan Claimants,
Arustamyan contends that as consideration and inducement for Loan No.

1; Loan No. 2; And Loan No. 3, Borrowers, the Khachatryan Claimants, guaranteed and pledged all properties, assets and belongings, of whatever nature to and in favor of Arustamyan, as security for Loan No. 1; Loan No. 2; and Loan No. 3, including but not limited to the Veto Estate.  Said consent by the Borrowers is unconditional and extends to whatever properties, assets and belongings may be available from which Arustamyan may satisfy the sums due and owing pursuant to Loan No. 1; Loan No. 2; and Loan No. 3. Arustamyan further asserted claims for unjust enrichment, a constructive trust, and a resulting trust against the Khacharyan Claimants. There are currently pending civil actions in the Armenia Courts. These proceedings may take several years. Since allegations in the Cross-Complaint arise out of a transaction or occurrence that is the subject matter of the original action, and it relates to any property that is the subject of the original action, this Court may exercise supplemental jurisdiction pursuant to Federal Rule of Civil Procedure 13(g).  Moreover, on or about March 24, 2022, the Republic of Armenia Bankruptcy Court granted Arustamyan's Demand and declared Claimant Gurgen Khachatryan bankrupt. The Republic of Armenia Bankruptcy Court further ordered that a lien be placed on all property belonging to Claimant Gurgen Khachatryan, excluding all properties that are exempt. Nonetheless, since there is pending criminal charges against Claimant Gurgen Khachatryan, all of his real and personal properties are subject to liens pending the resolution of the criminal charges. As such, since criminal matters take priority pursuant to the Armenian Criminal Code in the Armenian Court system, Arustamyan is unable to recover any of his investments in Loans 1, 2, and 3.

*Other Claimants*

The United States is aware of potential claimants whose time to file a claim under Rule G(5) has not yet expired.  Unless there are further extensions (which the United States does not anticipate), all timely claims will be filed by September 6, 2022.

The Khachatryan Claimants submit that they are the only legitimate claimants to the defendant property and that no other potential claimants exist.

**B.   Legal Issues**

The principal issues in this case are whether the defendant property is subject to forfeiture based on allegations of foreign bribery, money laundering and conspiracy, whether any claimants have standing to contest the forfeiture, whether any claimants have any defenses to forfeiture, whether the government has adequately pleaded facts to support its claims, and whether Arustamyan has any valid counterclaims or crossclaims that may be asserted in these proceedings.

**C.   Damages**

The government is not seeking damages in this case, but instead to forfeit the defendant real property.

In his crossclaim against the Khachatryan Claimants, Claimant Arustamyan seeks monetary damages totaling $42,244,000.

**D.   Insurance**

There is no known insurance coverage that may be available to satisfy a judgment in this case.

1    **E.    <u>Motions</u>**

2         The Khachatryan Claimants have filed a motion for judgment on

3    the pleadings under Federal Rule of Civil Procedure 12(c) (Dkt. 26),

4    which is set for an October 28, 2022 hearing.

5         The Khachatryan Claimants also have filed a motion to dismiss

6    Arustamyan's crossclaim under Federal Rules of Civil Procedure

7    12(b)(3) and 12(b)(6) (Dkt. 27), which is also set for an October 28,

8    2022 hearing.

9         The government anticipates filing a motion to dismiss the

10   counterclaim filed by Arustamyan.

11        The government has not yet determined whether it will file a

12   motion to strike any claims or answers under Supplemental Rule

13   G(8)(c) on the grounds that a claimant lacks standing.  The

14   government has served special interrogatories under Supplemental Rule

15   G(6) on the Khachatryan Claimants to assess their standing.  The

16   government notes that under the Supplemental Rules, "the government

17   need not respond to a claimant's motion to dismiss the action . . .

18   until 21 days after the claimant has answered these interrogatories,"

19   Rule G(6)(c), and also that any motion to strike by the government

20   "must be decided before any motion by the claimant to dismiss the

21   action,"  Rule G(8)(c)(ii).

22        The Khachatryan Claimants contend that their standing as a valid

23   claimant should not be in dispute given their transparent ownership

24   interest in the defendant property, as set forth in the complaint.

25   Notwithstanding the nature of their verified claim, the Khachatryan

26   Claimants note that they intend to respond to certain special

27   interrogatories that are within the scope of Supplemental Rule G by

28   September 9, 2022 (a date that has been agreed upon by the parties),

which is before the government's response to the Khachatryan

Claimant's motion for judgment on the pleadings is due to be filed in

this case.  The Khachatrayan Claimants contend that certain

interrogatories are outside the scope of Rule G and the parties have

agreed to meet-and-confer to discuss the issue to see if it can be

resolved without requiring the need for court involvement.

**F.   Complexity**

The government believes that utilization of certain portions of

the Manual for Complex Litigation may be appropriate, including its

sections on discovery in foreign countries.  The case involves, or

will involve, multiple parties, parallel civil and criminal cases in

Armenia, and witnesses and documents in Armenia and other foreign

countries.  In addition, there is an open United States criminal

investigation related to this case.

The Khachatryan Claimants and Arustamyan do not believe this

case is sufficiently complex to warrant a complex case designation

that could prolong the resolution of this case. Among other things,

the key legal issue to be resolved in this case is whether any

payments by Arustamyan were "bribes" that would support the

government's forfeiture case; the government claims that they were

bribes, whereas the Khachatryan Claimants and Arustamyan submit the

payments were loans.  The claimants do not anticipate voluminous

documentary materials that would unexpectedly prolong discovey or

review of the relevant materials.  Moreover, unlike most cases

involving foreign evidence, the current Armenian administration

initiated the government's interest in this case and should be

expected to cooperate fully with the government's lawsuit and ongoing

criminal investigation.  As a result, the underlying cause of delays

typically associated with foreign jurisdictions and evidence are not present here.  Further, as set forth in their answer and motion for judgment on the pleadings, the Khachatryan Claimants have long-expressed their desire to cooperate and provide information in connection with the government's investigation, and there is no expectation of any invocation of a party's Fifth Amendment rights that could lead to complicated litigation or delays. Given the government's movement to file a complaint and the draconian nature of this civil action to forfeit defendant's property that is valued at $53.5 million, the government should be prepared by now to prove its case in court.  The Khachatryan Claimants are prepared to proceed to defend their case and proceed to trial with normal discovery rules and the Khachatryan Claimants submit that no complex case designation is warranted here.

### G.   **Status of Discovery**

Under Federal Rule of Civil Procedure 26(a)(1)(B), this case is exempt from initial disclosures.  As noted above, the government has propounded special interrogatories on the Khachatryan Claimants.  <u>See</u> Supplemental Rule G(6).

On July 29, 2022, the Khachatryan Claimants served their first set of requests for production upon the government.

Claimant Arustamyan has not served any discovery requests; however, Arustamyan intends to serve his first set of requests for production of documents and special interrogatories to Khachatryan Claimants by September 1, 2022, to adequately prepare for his opposition to the Khachatryan Claimants Motion to Dismiss Arustamyan's verified claim; and crossclaim for failure to state a claim, and for lack of venue pursuant to Federal Rules of Civil

Procedure 12(b)(6) and 12(b)(3).  The Khachatryan Claimants argue that they have paid Arustamyan in full for his loans. As such, Arustamyan seeks to conduct a limited discovery to adequately prepare for his opposition to Khachatryan Claimants' Motion to Dismiss Arustamyan's verified claim and crossclaim. As mentioned herein, there are currently pending civil actions in the Armenian Courts and the—proceedings may take several years before they are resolved. Based on the foregoing facts, this Court in the United States may exercise supplemental jurisdiction pursuant to Federal *Rule of Civil Procedure* 13(g). Furthermore, during the August 4, 2022 meet and confer conference, Counsel for the Khachatryan Claimants mentioned that both Claimants and witnesses can accommodate the Plaintiff in this action and arrive in the Unitited States as needed for depositon(s) and/or trial.  As a result, the Khachatryan Claimants' argument for dismissal of Arustamyan's claim and crossclaim based on forum of non-conveniens is moot.

*The Government's Position on Discovery*:

The government believes that merits discovery is not appropriate at this time for several reasons.

First, the Khachatryan Claimants have filed a motion for judgment on the pleadings, which takes the position that the case can be dismissed without incurring the cost and disruption of discovery.

Second, there is a related criminal investigation in the United States and criminal prosecutions in Armenia.  The government intends to move for a stay of discovery under Title 18 U.S.C. § 981(g), which provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the

Government to conduct a related criminal investigation or the prosecution of a related criminal case."  The government proposes to file any such motion to stay discovery by September 20, 2022.

Third, it remains possible that additional claimants will file timely claims by September 6, 2022.  Proceeding with discovery, and discovery planning, now would exclude such claimants from both discovery and discovery planning.

Fourth, the government has not yet received responses to special interrogatories, which may allow it to challenge the standing of some or all claimants by a motion to strike.  See United States v. $20,193.39 U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994) (noting that standing is a "threshold issue" in forfeiture cases); United States v. $295,726.42 in Acct. Funds Seized, 279 F. Supp. 3d 1050, 1053 (C.D. Cal. 2018) (same).  If the government successfully challenges the standing of some or all the claimants, merits discovery may involve fewer claims and parties.

In the meantime, the government does not object to *either* (1) proceeding on the Khachatryan Claimants' motion for judgment on the pleadings provided that Claimants first respond to the special interrogatories propounded on them by the government *or* (2) staying both the responses to the special interrogatories and the motion for judgment on the pleadings.[1]

---

[1] As noted above, "the government need not respond to a claimant's motion to dismiss the action . . . until 21 days after the claimant has answered [special] interrogatories."  Rule G(6)(c).  Though claimants have styled their motion as for judgment on their pleadings under Rule 12(c), they state in the motion that their motion is "functionally identical to a Rule 12(b)(6) motion."  Dkt. 26-1 at 12 (quotation marks omitted).

1  Though the government does not believe merits discovery is

2  appropriate at this time, the government recognizes that the Court

3  has in its Order of June 28, 2022, directed the parties to propose

4  pretrial and trial dates.  Therefore, in the alternative, the

5  government proposes the pretrial and trial dates set forth in Exhibit

6  A, with the caveat that they may require revision, if discovery is

7  stayed or other claimants appear.  The government's proposed schedule

8  deviates from the presumptive deadlines to reflect the additional

9  time that the government anticipates will be required to prepare a

10 case that will involve discovery in foreign countries, may require

11 the use of letters rogatory and the Hague Convention, will involve

12 non-English-speaking witnesses (including possibly expert witnesses),

13 including witnesses outside the United States, involves Armenian tax

14 and criminal law, and in which there are pending foreign civil and

15 criminal cases involving related issues.

16  *The Khachatryan Claimants' Position on Discovery*:

17  As noted above, the Khachatryan Claimants filed their answer to

18 the government's complaint on July 7, 2022.  The pleadings in the

19 government's case against the Khachatryan Claimants therefore is

20 closed, and the matter has been in merits discovery since July 7,

21 2022.  The Khachatryan Claimants served their first set of discovery

22 requests upon the government on July 29, 2022, and the government's

23 deadline to respond is August 29, 2022.

24  As noted above, the Khachatryan Claimants intend to respond to

25 the special interrogatories that are properly confined to the scope

26 of Supplemental Rule G by September 9, 2022 (a date agreed-upon by

27 the parties).  This response will be provided well before the

28 government's response to the pending Rule 12(c) motion for judgment

13

on the pleadings is due.  The Khachatryan Claimants note that over half of the 90 special interrogatories appear to seek normal discovery and are beyond the scope of Supplemental Rule G since they do not bear upon the identify of the Khachatryan Claimants or their relationship to the defendant property.  Moreover, the government cannot plausibly contest the Khachatryan Claimants' standing here since the complaint includes numerous allegations concerning their purchase and ownership of the defendant property and identifies the names of the Khachatryan Claimants on relevant documents and transactions.

The Khachatryan Claimants intend to oppose the government's motion to stay discovery, and they will set forth their opposition in detailed briefing for this Court's consideration.  In the meantime, however, the Khachatryan Claimants submit that civil forfeiture is an especially aggressive constraint on the Khachatryan Claimants' $53.5 million property, especially given the barebones and conclusory allegations in support of the complaint and the lawful and transparent nature of the Khachatryan's purchase and development of the defendant property, as set forth in the pending motion for judgment on the pleadings.  Moreover, the government's investigation was initiated at least as early as 2019 after it appears to have been referred to the United States by a politically motivated Armenian government.  The Khachtryan Claimants also have good reason to believe that "the government's investigation is [now] complete," and the the government should not be able to indefinitely restrain the defendant property with a stay of the proceedings, and under the unique circumstances of this case, a stay in this case would not justified.

1    Unlike discovery in the government's case, the Khachatryan

2    Claimants have not yet filed an answer to Arustamyan's crossclaim and

3    their motion to dismiss under Federal Rules of Civil Procedure

4    12(b)(3) and 12(b)(6) is pending.  As such, discovery is not yet open

5    and the parties should not be burdened with serving or responding to

6    discovery requests in connection with the crossclaim at this time.

7    Moreover, the Khachatryan Claimants' motion to dismiss Arustamyan's

8    crossclaim is based on the facial inadequacy of the crossclaim

9    itself, and therefore, even limited discovery is not justified.

10   *Claimant Arustamayan's Position on Discovery*:

11   Claimant Arustamyan has not served any discovery requests thus far.

12   However, Arustamyan intends to serve his first set of requests for

13   production of documents and special interrogatories to Khachatryan

14   Claimants by September 1, 2022 to adequately prepare for his

15   opposition to the Khachatryan Claimants Motion to Dismiss

16   Arustamyan's verified claim and crossclaim for failure to state a

17   claim and for lack of venue pursuant to Federal Rules of Civil

18   Procedure 12(b)(6) and 12(b)(3). The Khachatryan Claimants argue that

19   they  paid Arustamyan in full for his loans. As such, Arustamyan

20   seeks to conduct  limited  discovery regarding this issue and other

21   related issues to adequately prepare for his opposition to

22   Khachatryan Claimants' Motion to Dismiss.

23   **H.   Discovery Plan**

24   The parties submit the following concerning the following

25   matters listed in Fed. R. Civ. P. 26(f)(3):

26   Fed. R. Civ. P. 26(f)(3)(A): The parties agree that initial

27   disclosures are not required in this <u>in rem</u> action.

28

1      Fed. R. Civ. P. 26(f)(3)(B): Discovery will be needed, among

2  other things, on the nature and circumstances underlying the factual

3  allegations in the relevant pleadings (including the complaint and

4  verified answer of any valid claimant).  The parties submit their

5  respective timelines for the completion of discovery below. The

6  parties do not believe that discovery should be completed in phases

7  or focused on particular issues.

8      The government believes that discovery may be needed, among

9  other things, on the transaction under which Arustamyan provided

10  funds for the purchase of the defendant real property (including

11  whether the funds were loans or bribes under Armenian law), the

12  source of the funds that Arustamyan provided under the alleged loans,

13  the circumstances under which the alleged loans were extended,

14  whether the alleged loans were repaid, Arustamyan's business holdings

15  and affiliations, whether businesses affiliated with Arustamyan

16  received favorable tax treatment in Armenia, and Gagik's

17  responsibilities in administering Armenian tax law.

18      Fed. R. Civ. P. 26(f)(3)(C): The parties have agreed to preserve

19  electronically stored information and to produce emails and other

20  electronically stored information in native format.

21      Fed. R. Civ. P. 26(f)(3)(D): Notwithstanding the government's

22  claim that there is an ongoing criminal investigation, the

23  Khachatryan Claimants and Arustamyan do not intend to assert their

24  Fifth Amendment right against self-incrimination in connection with

25  this matter.  As discovery unfolds, the parties may seek relief in

26  accordance with this Rule in connection with other privilege issues.

27      Fed. R. Civ. P. 26(f)(3)(E): At present, the parties do not

28  believe changes to the limitations on discovery are necessary.

Fed. R. Civ. P. 26(f)(3)(F): If discovery is not stayed, a protective order will likely be required.  The parties agree to negotiate the appropriate terms of the protective order.

**I.   Expert Discovery**

As noted above, the government believes that it is premature to set a schedule for discovery, including expert discovery.  In the alternative, however, the government proposes the following dates related to expert discovery:

**Initial disclosures:  October 6, 2023**

**Rebuttal disclosures: November 9, 2023**

**Expert discovery cut-off: December 8, 2023**

As noted above, the Khachatryan Claimants intend to oppose the government's motion to stay discovery and submit the following proposed timing for expert disclosures and discovery:

**Initial disclosures:  December 5, 2022**

**Rebuttal disclosures: January 9, 2023**

**Expert discovery cut-off: June 2, 2023**

Claimant Sedrak Arustamyan intends to oppose the government's motion to stay discovery and submits the following proposed timing for expert disclosure and discovery:

**Initial disclosures:  December 5, 2022**

**Rebuttal disclosures: January 9, 2023**

**Expert discovery cut-off: June 2, 2023**

**J.   Dispositive Motions**

As noted above, the Khachatryan Claimants have filed dispositive motions under Rule 12 against (1) the government's complaint and (2) Arustamyan's crossclaim.  In addition, the government intends to move to dismiss Arustamyan's counterclaim.

1    If those motions are denied, the parties anticipate filing

2    motions for summary judgment addressing whether the defendant

3    property is subject to forfeiture, whether claimants have any

4    defenses to forfeiture, and whether claimant Arustamyan has any valid

5    counter or crossclaims.  The government also may file dispositive

6    motions with respect to the standing of particular claimants to

7    contest forfeiture.

8        **K.    Alternative Dispute Resolution (ADR)**

9        The parties have received a Notice to Parties of Court-Directed

10   ADR Program (Form ADR-08) and the parties have consented to Court

11   Mediation Panel.

12       **L.    Settlement Efforts**

13       The parties have not yet discussed settlement or had written

14   communications regarding settlement.

15       **M.    Trial Estimate**

16       The parties estimate that the trial of this matter will take 10

17   to 15 court days.

18       Jury or Court Trial:  The Khachatryan Claimants have requested a

19   jury trial.  Arustamyan has requested a jury trial.

20       Number of Witnesses:  The government anticipates calling

21   approximately 15 witnesses.  The Khachatryan Claimants anticipate

22   identifying relevant witnesses as discovery unfolds, but at this time

23   estimate calling between 10 to 15 witnesses at trial.  Arustamyan

24   anticipates identifying relevant witnesses as discovery unfolds, but

25   at this time Arustamyan estimates calling between 5 to 10 witnesses

26   at trial.

27

28

**N.**    <u>**Trial Counsel**</u>

Trial Attorney D. Hunter Smith and Assistant United States Attorney Maxwell Coll will try this case on behalf of the government. Ephraim Wernick, Christopher W. James, and Peter T. Thomas will try this case on behalf of the Khachatryan Claimants. Alenoush C. Sarkissian, Armen Shaghzo, and Naira Zohrabyan will try this case on behalf of claimant Arustamyan. It is not known whether there will be additional timely claimants or the identity of their trial counsel.

**O.**    <u>**Magistrate Judge**</u>

The parties do not consent to a magistrate judge for trial.

**P.**    <u>**Independent Expert or Master**</u>

The parties do not believe that the Court should consider appointment of a special master or an independent expert in this case.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**Q.   Other Issues**

The parties anticipate that Armenian translation services may be needed and that certain foreign-language documents may require authentication and certification.  Foreign discovery may also be required.

Dated: August 12, 2022          Respectfully submitted,

                                STEPHANIE S. CHRISTENSEN
                                Acting United States Attorney
                                SCOTT M. GARRANGER
                                Assistant United States Attorney
                                Chief, Criminal Division
                                JONATHAN GALATZAN
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section


                                  /s/ Maxwell Coll
                                MAXWELL COLL

                                Assistant United States Attorneys
                                Asset Forfeiture Section

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA


Dated:  August 12, 2022

                                  /s/ Ephriam Wernick
                                 (per email authorization on 8/12/22)
                                EPHRAIM WERNICK
                                Vinson & Elkins LLP
                                Attorney for Claimants Artyom
                                Khachatryan, Gurgen Khachatryan,
                                and WRH, Inc.


Dated:  August 12, 2022

                                  /s/ Alenoush Sarkissian
                                 (per email authorization on 8/12/22)
                                ALENOUSH C. SARKISSIAN
                                Shaghzo and Shaghzo Law Firm LP
                                Attorney for Claimant Sedrak Arustamvan

**EXHIBIT A**
**PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES**

<u>CASE NAME</u>: United States of America v. Real Property in Los Angeles, California
<u>CASE NO</u>: 2:22-cv-02902-JLS-PD

| <u>Matter</u> | <u>Plaintiff's Request</u> | <u>Khachatryan Claimants' Request</u> | <u>Arustamyan's Request</u> |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | <u>07/21/2023</u> | <u>11/18/2022</u> | <u>11/18/2022</u> |
| Fact Discovery Cut-Off | <u>07/26/2024</u> | <u>03/24/2023</u> | <u>03/24/2023</u> |
| Last Day to Serve Initial Expert Reports | <u>11/08/2024</u> | <u>04/07/2023</u> | <u>04/07/2023</u> |
| Last Day to Serve Rebuttal Expert Reports | <u>01/10/2025</u> | <u>05/05/2023</u> | <u>05/05/2023</u> |
| Expert Discovery Cut-Off | <u>03/14/2025</u> | <u>06/02/2023</u> | <u>06/02/2023</u> |
| Last Day to File Motions (except Daubert and all other Motions in Limine) | <u>04/18/2025</u> | <u>05/19/2023</u> | <u>05/19/2023</u> |
| Last Day to Conduct Settlement Proceedings | <u>05/16/2025</u> | <u>05/26/2023</u> | <u>05/26/2023</u> |
| Last Day to File Motions in Limine and Daubert Motions | <u>06/20/2025</u> | <u>08/04/2023</u> | <u>08/04/2023</u> |
| Final Pre-Trial Conference (**Friday at 1:30 pm**) | <u>07/18/2025</u> | <u>09/08/2023</u> | <u>09/08/2023</u> |