JAMES CURT BOHLING, Acting Chief
D. HUNTER SMITH, Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice
    1400 New York Avenue NW
    Washington, DC 20005
    Telephone: (202) 355-5705
    Email: David.H.Smith@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1785
    Facsimile: (213) 894-0142
    E-mail: Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-02902-JLS-PDx |
| Plaintiff, | PLAINTIFF UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO STAY THIS CIVIL FORFEITURE PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA MAXWELL COLL |
| v. | |
| REAL PROPERTY IN LOS ANGELES, CALIFORNIA, | |
| Defendant. | |
| | [Filed Contemporaneously With Application Pursuant To 18 U.S.C. § 981(g)(5) and Local Rule 79-6 To File Or Lodge In Camera Non-Public Declaration In Support Of Motion] |

1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 28, 2022 at 10:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Josephine L. Staton, United States District Court, Courtroom 8A, First Street U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, plaintiff United States of America ("the United States") will and hereby does move, pursuant to 18 U.S.C. § 981(g)(1) (i.e., the mandatory stay statute) and the Court's inherent power, for an order to stay this action pending the resolution of a related federal criminal investigation.  This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 16, 2022 (see Coll Decl. ¶ 2) and is made on the grounds that proceeding with civil discovery in this case will adversely affect the ability of the United States to conduct a related federal criminal investigation and the prosecution of related criminal cases in the Republic of Armenia.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declaration of Maxwell Coll; the non-public declaration submitted in camera and under seal in support of plaintiff's motion for an order to stay this civil forfeiture proceeding and the proposed order granting the motion (lodged under separate cover); all pleadings and papers on

//
//
//
//
//
//

file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: September 23, 2022                Respectfully submitted,

JAMES CURT BOHLING, Acting Chief
Money Laundering and Asset Recovery Section, Criminal Division
United States Department of Justice

*/s/ D. Hunter Smith*
D. HUNTER SMITH, Trial Attorney

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Maxwell Coll*
MAXWELL COLL
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I. INTRODUCTION..................................................1

II. LEGAL STANDARD...............................................1

III. BACKGROUND..................................................4

IV. ARGUMENT....................................................6

    A.    A Stay Is Warranted Because Proceeding With Civil Discovery Would Jeopardize Pending Criminal Investigations And Prosecutions............................6

    B.    The Criminal Investigations And Prosecutions Are Related To The Present Civil Forfeiture Action...........12

V. CONCLUSION..................................................12

**TABLE OF AUTHORITIES**

**CASES**                                                                       **PAGE(S)**

United States v. All Funds Deposited in Account No. 200008524845,
    162 F. Supp. 2d 1325 (D. Wyo. 2001) ........................... 2

United States v. One Assortment of 73 Firearms,
    352 F. Supp. 2d 2 (D. Me. 2005) ............................ 3, 7

United States v. One 2008 Audi R8 Coupe Quattro,
    866 F. Supp. 2d 1180 (C.D. Cal 2011) .......................... 3

United States v. $600,980.00 in Currency,
    2022 WL 2284934 (C.D. Cal. Mar. 8, 2022) ...................... 3

United States v. $1,026,781.61 in United States Currency,
    2013 WL 4714188 (C.D. Cal. July 29, 2013) ..................... 3

United States v. Various Vehicles, Funds and Real Properties,
    2012 WL 4050829 (D.S.C. Sept. 13, 2012) ....................... 3

United States v. 3039.375 Pounds of Copper Coins,
    2008 WL 4681779 (W.D.N.C. Oct. 21, 2008) ...................... 3

United States v. Real Prop. Located at 6415 N. Harrison Ave.,
    2012 WL 4364076 (E.D. Cal. Sept. 21, 2012) ................. 3, 9

United States v. Real Prop. Located at 6107 Hogg Rd.,
    2015 WL 13656951 (D. Idaho Mar. 11, 2015) ................. 3, 4

United States v. Real Prop. & Improvements Located at 10 Table Bluff Rd.,
    2007 WL 911849 (N.D. Cal. Mar. 23, 2007) ............... 4, 7, 8

United States v. $4,480,466.16.,
    2019 WL 459645 (N.D. Tex. Feb. 6, 2019) ....................... 4

United States v. Contents of Nationwide Life Ins. Annuity Account,
    2007 WL 682530 (S.D. Ohio Mar. 1, 2007) ....................... 8

United States v. VIN: WP1AD2A26DLA72280,
    2014 WL 289379 (M.D. Fla. Jan. 27, 2014) ...................... 8

United States v. All Funds on Deposit in Suntrust Bank Account Number XXXXXXXX8359,
    456 F. Supp. 2d 64 (D.D.C. 2006) .............................. 8

United States v. All Funds on Deposit in Business Marketing Account,
    319 F. Supp. 2d 290 (E.D.N.Y. 2004) .......................... 8
United States v. One Honda Aircraft,
    No. 8:19-CV-1988-JVS-KES (C.D. Cal. July 30, 2020) ........... 9
United States v. 2009 Dodge Challenger,
    2011 WL 6000790 (D. Or. 2011) ................................ 9
United States v. $247,052.54,
    2007 WL 2009799 (N.D. Cal. Jul. 6, 2007) ..................... 9
United States v. $2,067,437.08 in U.S. Currency,
    2008 WL 238514 (E.D. Tex. Jan. 28, 2008) .................... 10
Leyva v. Certified Grocers of California, Ltd.,
    593 F.2d 857-64 (9th Cir. 1979) ............................. 11
Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines,
    925 F.2d 1193 (9th Cir. 1991) ........................... 11, 12
Chambers v. NASCO, Inc.,
    501 U.S. 32 (1991) .......................................... 12
Landis v. North American Co.,
    299 U.S. 248 (1936) ......................................... 12
Wallace v. Kato,
    549 U.S. 384 (2007).......................................... 12
Wolf of Wall Street" Motion Picture,
    2017 WL 8230168 (C.D. Cal. Sept. 13, 2017)(1) ............... 13

**STATUTES AND RULES**

18 U.S.C. § 981(g) .................................... 1, 9, 11, 12
18 U.S.C. § 981(g)(1) ......................................... passim
18 U.S.C. § 981(g)(4) ........................................ 4, 13
18 U.S.C. § 981(g)(5) ......................................... 3, 4
Rule G(6)(a) ..................................................... 5
Fed. R. Crim. P. 16 ........................................... 7, 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff United States of America ("United States" or "the government") respectfully submits this memorandum of points and authorities in support of its motion to stay this action pursuant to the mandatory stay provisions of 18 U.S.C. § 981(g) and the Court's inherent power.  The United States seeks to stay this action pending the resolution of a related criminal investigation in the United States and related prosecutions in the Republic of Armenia because proceeding with civil discovery in the instant action will adversely affect the related criminal investigation and proceedings.  Under the proposed order lodged contemporaneously herewith, the United States would be required to report to the Court every 180 days regarding the status of the related criminal proceedings.

**II.   LEGAL STANDARD**

The statutory forfeiture scheme that governs this action explicitly contemplates the situation presented here—that is, a civil forfeiture proceeding that arises out of the same facts as ongoing criminal investigation(s).  In such a situation, Section 981(g)(1) provides as follows:

> "Upon the motion of the United States, the court ***shall*** stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

18 U.S.C. § 981(g)(1) (emphasis added).[1]

---

[1] Though the statute provides for a stay of the "proceeding," the United States seeks only a stay of discovery.  The United States does not object to briefing, argument, and resolution of the pending Rule 12 dispositive motions.

1

Congress enacted the stay provision of Section 981(g) in 2000 as part of the Civil Asset Forfeiture Reform Act ("CAFRA"), but the use of stays in civil forfeiture cases to protect ongoing related criminal investigations had long been an element of federal forfeiture law. Indeed, Section 981(g) lowered the government's burden when seeking a stay, eliminating the prior "good cause" requirement, and explicitly extended stay authority to ongoing investigations in addition to ongoing prosecutions. See United States v. All Funds Deposited in Account No. 200008524845, 162 F. Supp. 2d 1325, 1330-31 (D. Wyo. 2001):

> The standard for granting relief under the amended statute has also been changed by striking the words "for good cause shown" found in the former sections of the forfeiture law that establish the standard for granting stay relief.  The new statute requires only that the court "determine[s] that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation for [sic] the prosecution of a related criminal case."

Thus, while cases granting stays under the prior statute's good cause requirement remain relevant under CAFRA, cases denying stays because good cause had not been shown are no longer good law.

The central question in determining the propriety of a stay under Section 981(g)(1) is whether discovery in the civil case "will subject the government's criminal investigation to early and broader civil discovery than would otherwise be possible" in the context of a criminal investigation or prosecution. United States v. One Assortment of 73 Firearms, 352 F. Supp. 2d 2, 4 (D. Me. 2005).  For this reason, the government is not required to make a particularized showing of prejudice or specific harm. United States v. One 2008 Audi R8 Coupe Quattro, 866 F. Supp. 2d 1180, 1184 (C.D. Cal 2011). Requiring such a showing may result in the very prejudice the statute

2

is designed to prevent. Id. Instead, the government need only show that an adverse impact is *likely*, and that showing can be made by an agent or government attorney with knowledge of the civil forfeiture case and the ongoing criminal investigation in a sworn declaration. 18 U.S.C. § 981(g)(5); see also United States v. $600,980.00 in U.S. Currency, Case No. 2:21-cv-06965-RGK-MAR, 2022 WL 2284934 (C.D. Cal. Mar. 8, 2022) (agent declaration); United States v. $1,026,781.61 in United States Currency, No. CV 09-4381, 2013 WL 4714188, *1 (C.D. Cal. July 29, 2013) (agent declaration); United States v. Various Vehicles, Funds and Real Properties, No. 2:11-1528, 2012 WL 4050829, *2 (D.S.C. Sept. 13, 2012) (AUSA declaration). When the government makes such a showing, the imposition of a stay is "automatic" based on the mandatory language of the statute. United States v. 3039.375 Pounds of Copper Coins, No. 1:08-cv-230, 2008 WL 4681779, *1 (W.D.N.C. Oct. 21, 2008).

Indeed, "courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery." United States v. Real Prop. Located at 6415 N. Harrison Ave., No. 1:11-CV00304-BAM, 2012 WL 4364076, at *3 (E.D. Cal. Sept. 21, 2012); see also One 2008 Audi R8 Coupe Quattro, 866 F. Supp. at 1184 (same); United States v. Real Prop. Located at 6107 Hogg Rd., No. 1:11-CV-00300-CWD, 2015 WL 13656951, at *2 (D. Idaho Mar. 11, 2015) ("Allegations of '*likely* prejudice' to the criminal proceeding are sufficient") (emphasis in original); United States v. Real Prop. & Improvements Located at 10 Table Bluff Rd., No. C 06-5256 SI, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) (granting stay where "civil discovery will likely

adversely affect the ability of the Government to conduct the related criminal investigation").

Whether a criminal investigation is "related" to a civil forfeiture case within the meaning of Section 981(g) is governed by Section 981(g)(4), which provides that:

> In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

As noted, the government is expressly authorized to submit declarations or other evidence ex parte to support stay requests under Section 981(g)(1). See 18 U.S.C. § 981(g)(5) ("In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."); United States v. $4,480,466.16, No. 3:17-CV-2989-D, 2019 WL 459645, at *3 (N.D. Tex. Feb. 6, 2019) ("A court may grant a stay based on ex parte affidavits or other documents demonstrating that civil discovery might threaten to reveal confidential informants or otherwise impair the criminal investigation.").

**III. BACKGROUND**

The parties have not yet responded to merits discovery. On July 28, 2022, the United States served special interrogatories on Claimants Artyom Khachatryan, Gurgen Khachatryan, and WRH, Inc. (collectively, the "Khachatryan Claimants") under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Such discovery concerns "the claimant's identity and relationship to the defendant property," Rule G(6)(a), not the

4

merits of a case.  On September 9, 2022, the Khachatryan Claimants provided responses, which objected to most of the interrogatories as outside the scope of Rule G(6) and were signed by counsel, not by claimants.[2]

On July 29, 2022, the Khachatryan Claimants served on the government requests for production of documents that seek to uncover the details of ongoing prosecutions in the Republic of Armenia ("Armenia") and the ongoing federal criminal investigation.  See Declaration of AUSA Maxwell Coll ("Coll Decl."), Ex. A.  The requests seek, among other things:

- All documents that tend to support or refute the allegations in the Complaint;
- All documents relating to any witnesses the Government has interviewed or otherwise may have discoverable information relevant in the above-captioned case, including any witness statements, notes, and FD-302(s) for all witnesses interviewed by the Government in this matter;
- All communications with foreign entities and law enforcement relating to this matter, including but not limited to, all formal MLAT requests the Government has sent to or received from the Armenian government and other countries, and all documents and communications involving foreign entities and individuals in connection with such MLAT requests;
- All documents the Government has provided to or received from Armenian law enforcement relating to this matter,

---

[2] The United States will meet and confer with the Khachatryan Claimants over their interrogatory responses.

5

>including any document that tends to support or refute the allegations and claims in the Complaint or contains inculpatory or exculpatory information; and
>
>- All documents the Government has produced to, or received from, any other party or third party in connection with a subpoena or request for documents or information in the above-captioned matter.

Coll Decl. Ex. A (claimant's first request for production of documents ["RFP"] Nos. 1, 2, 3, 4, and 7). The United States is responding to these requests today by filing objections that such discovery is premature until, at the earliest, the Court's resolution of this motion.

**IV. ARGUMENT**

**A. A Stay Is Warranted Because Proceeding With Civil Discovery Would Jeopardize Pending Criminal Investigations And Prosecutions.**

This Court should stay civil discovery pursuant to 18 U.S.C. § 981(g) and its inherent powers.

*First*, the United States has requested permission to submit a non-public declaration in camera and under seal in support of its stay request that relates to its ongoing criminal investigation. As described in the ex parte declaration of Federal Bureau of Investigation ("FBI") Special Agent Mark Newhouse, there is an open U.S. criminal investigation related to the allegations in this civil forfeiture case. As described in that sealed declaration, proceeding with civil discovery in this case would likely jeopardize that criminal investigation by, among other things, causing targets of the investigation to change channels for moving illicit funds, and by potentially causing the subjects to destroy or conceal evidence.

6

***Second***, even without considering the evidence submitted under seal, a stay is warranted. If this action is not stayed, all claimants in the case will have the ability to pursue civil discovery. During federal criminal investigations, however, subjects are not entitled to take discovery. Further, even when a criminal case is filed, a criminal defendant's ability to take discovery is circumscribed. See Fed. R. Crim. P. 16 (providing only for document requests, not interrogatories or depositions, and also that most case-related "internal government documents" are, with limited exceptions, "not subject to disclosure").

Because proceeding with civil discovery would subject the government to broader discovery than it would be subject to in a criminal proceeding, and permit claimants and other third parties to obtain discovery earlier than they otherwise would be entitled to receive it in the criminal proceeding, a stay under the mandatory stay provisions of 18 U.S.C. § 981(g) is warranted. See, e.g., One Assortment of Seventy-Three Firearms, 352 F. Supp. 2d at 4 (a stay under 18 U.S.C. § 981(g) is appropriate where civil discovery will subject the related criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding"); Real Property and Improvements Located At 10 Table Bluff Road, 2007 WL 911849 at *2 (stay must be granted if civil discovery will subject the Government to broader and earlier discovery than would occur in a criminal case); United States v. Contents of Nationwide Life Ins. Annuity Account, 2007 WL 682530, *1 (S.D. Ohio Mar. 1, 2007) ("As the government correctly argues, the Court is also very concerned about [d]efendants in the criminal case using this civil case as a back door method to obtain discovery outside the scope of Fed. R. Crim. P. 16").

Further, the government would likely suffer prejudice if civil discovery is allowed to proceed because the government would be required to expose its strategy and evidence in the criminal investigation, and documents related to asset tracing and witness interviews. See, e.g., United States v. VIN: WP1AD2A26DLA72280, 2014 WL 289379, *2 (M.D. Fla. Jan. 27, 2014) (stay granted because discovery of the identities of the witnesses in the civil case would jeopardize the criminal investigation); United States v. All Funds on Deposit in Suntrust Bank Account Number XXXXXXXX8359, 456 F. Supp. 2d 64, 66 (D.D.C. 2006) (granting motion for a stay because discovery in civil forfeiture case would adversely affect the criminal investigation because the discovery "could compromise any existing confidential informants and/or interfere with the Government's ability to obtain confidential information from others"); United States v. All Funds on Deposit in Business Marketing Account, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) ("The court is satisfied that information routinely ordered disclosed in civil matters would compromise the identity of confidential informants and cooperating witnesses.  Under these circumstances, the court is required to stay this civil action.  18 U.S.C. § 981(g)(1)").

The risk of prejudice is especially acute where the ongoing federal criminal investigations or cases involve financial transactions. United States of America v. One Honda Aircraft (Michael J. Avenatti), No. 8:19-CV-1988 JVS (KESx), (C.D. Cal. July 30, 2020); United States v. Real Prop. Located at 6415 N. Harrison Ave., Fresno Cnty., No. 1:11-CV-00304-BAM, 2012 WL 4364076, at *3 (E.D. Cal. Sept. 21, 2012) ("considering the complexity and frequency of financial transactions involved, complete evidence of the Government's tracing theories would run the risk of revealing

8

evidence Choi may use in his defense."); see also United States v. 2009 Dodge Challenger, 2011 WL 6000790 (D. Or. 2011) ("given the number of people involved, and the complexity and amount of financial transactions involved, it is likely that discovery will need to take place before this court can determine if there is a genuine issue of material fact as to whether any of the seized funds or vehicles can be traced to the alleged fraud under 18 U.S.C. § 981"). As such, the plain language requires a stay. See 18 U.S.C. § 981(g)(1).

Indeed, courts stay civil forfeiture cases even when claimants are willing to forego discovery. In United States v. $247,052.54, 2007 WL 2009799 (N.D. Cal. Jul. 6, 2007), for example, claimant Dobbs argued that because he was prepared to move for summary judgment without seeking any discovery in the civil forfeiture action, the action should not be stayed under 18 U.S.C. § 981(g) because discovery could not adversely affect the criminal prosecution against him. In rejecting Dobbs' argument and staying the action, the court noted that "Dobbs is not the only party that might want discovery in this action, however. The Government seeks and is entitled to conduct discovery." Id. at *1 (citation omitted). The court also stated that proceeding with discovery "may have a serious adverse impact on the criminal case against Dobbs[]" and the court reasoned:

> The factual allegations underlying the two cases are very similar. . . . To prove that the Defendants in this case are linked to the sale and distribution of marijuana, and therefore subject to forfeiture, the Government will have to prove many of the same facts it will need to prove in the criminal case. The risk of an adverse effect on the criminal case is clear. The Government asserts that it would need to depose certain witnesses-Edward Shield and Wade Trabue-to proceed on its forfeiture claims. Both are also witnesses with knowledge relevant to the criminal case, and deposing them now would allow Dobbs the opportunity to cross examine them in advance of trial,

9

> potentially exposing the Government's strategy for trial, or require them to divulge information related to the criminal case. Dobbs simply ignores this concern. The Government would also require testimonial declarations from law enforcement officers, whose testimony will play a central role in the criminal trial, creating additional risks.

Id. at *2.[3]

***Third***, there also are open foreign criminal prosecutions and investigations that may be prejudiced if civil discovery proceeds. Claimants Gurgen and Artyom Khachatryan have each been charged with crimes in Armenia, including receiving bribes in violation of Article 311 of the Criminal Code of the Republic of Armenia. Compl. ¶ 6. Claimant Sedrak Arustamyan has also been charged in Armenia with paying bribes to Gagik Khachatryan (the father of Gurgen and Artyom), in violation of Article 312 of the Criminal Code of the Republic of Armenia. Compl. ¶ 7.

These ongoing criminal prosecutions are the basis for a stay: first, section 981's mandatory stay provision applies if civil discovery would "adversely affect the ability of the Government to conduct a related criminal investigation or ***the prosecution of a related criminal case***." 18 U.S.C. § 981(g) (emphasis added). While this mandatory stay provision requires a *criminal investigation* to be conducted by "the Government" (i.e., the United States government), it also applies to *any* "prosecution of a related case"—regardless whether it is by a state government, tribal government or a foreign

---

[3] Accord, United States v. $2,067,437.08 in U.S. Currency, 2008 WL 238514, *6 (E.D. Tex. Jan. 28, 2008) (stay ordered where claimant contended that it could proceed with summary judgment motion without discovery, government claimed it had to engage in ordinary civil discovery and claimant acknowledged that it would be unduly prejudiced if claimant was required to produce discovery while criminal case was pending against claimant).

10

government, provided the United States moves for a stay. See 18 U.S.C. § 981(g) ("Upon motion of the United States . . .").

Moreover, even if § 981(g)'s mandatory stay provision did not apply, this Court has discretionary, inherent authority to authorize a stay based on related foreign proceedings. See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (a "trial court may, with propriety, find it . . . the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"); see also Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir. 1991) (for purposes of a stay, "the fact that the parallel proceedings are pending in a foreign jurisdiction rather than in a state court is immaterial").[4]

Such a discretionary stay is particularly appropriate here, where discovery may require the government to provide "[a]ll documents the Government has provided to or received from Armenian law enforcement" to claimants who have fled the prosecutions filed by Armenian law enforcement in Armenian courts. This Court should not become a back door for access to foreign law enforcement documents and evidence that fugitive defendants have not received under those foreign jurisdictions' local rules of discovery. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (courts have inherent authority to protect their own "integrity").

---

[4] See also Landis v. North American Co., 299 U.S. 248, 254 (1936) (district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

### B. The Criminal Investigations And Prosecutions Are Related To The Present Civil Forfeiture Action.

The United States criminal investigation and foreign criminal prosecutions are clearly related to the civil forfeiture action in light of the broad definition of "related criminal case" and "related criminal investigation" in 18 U.S.C. § 981(g). As noted supra, that definition makes clear that neither the parties nor the facts in the civil and criminal matters need be identical for the cases to be considered related. Instead, the court must analyze several factors, which are set forth in the disjunctive:

> In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4). In other words, 18 U.S.C. § 981(g)(4) indicates that the forfeiture case and criminal investigation should have some similarities but need not be identical in all aspects.

The civil forfeiture and foreign criminal cases are related under the broad statutory definition. The relationship between the domestic criminal investigation and the civil forfeiture complaint is set forth in the non-public declaration. And the relationship between the foreign criminal proceedings and the civil forfeiture complaint is obvious—there is no dispute that each claimant (aside from WRH, Inc.) has been charged in Armenia for alleged conduct directly related to the allegations in the civil forfeiture complaint.

### V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this case be stayed, with the government to file an ex parte


status report in 180 days (and, as necessary, every 180 days thereafter) as to the status of the related criminal proceedings. *See* United States v. "The Wolf of Wall Street" Motion Picture, No. CV165362, 2017 WL 8230168, at *1 (C.D. Cal. Sept. 13, 2017) ("The motion for a stay [under Section 981(g)(1)] is GRANTED. The stay will continue until vacated by the Court, but the government is to provide status updates as to the investigation every 180 days to allow the Court to assess whether to continue the stay.").

Dated: September 23, 2022              Respectfully submitted,

JAMES CURT BOHLING, Acting Chief
Money Laundering and Asset
Recovery Section, Criminal
Division
United States Department of
Justice

  */s/ D. Hunter Smith*
D. HUNTER SMITH, Trial Attorney

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

   */s/ Maxwell Coll*
MAXWELL COLL
Assistant United States Attorney
Attorneys for Plaintiff
 UNITED STATES OF AMERICA