UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-02902-JLS-PD                                                Date: October 18, 2022
Title:  United States of America v. Real Property in Los Angeles, California

Present:  **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR CLAIMANTS:

Not Present                                                                   Not Present

**PROCEEDINGS:   (IN CHAMBERS) GRANTING PLAINTIFF'S MOTION TO STAY CASE PENDING THE RESOLUTION OF A RELATED FEDERAL CRIMINAL INVESTIGATION (Doc. 37)**

Before the Court is a Motion to Stay Case Pending the Resolution of a Related Federal Criminal Investigation filed by Plaintiff United States of America (the "Government").  (Mot., Doc. 37.)  Claimants Artyom Khachatryan, Gurgen Khachatryan, and WRH, Inc. (collectively, the "Claimants") opposed, and the Government replied.  (Opp., Doc. 44; Reply, Doc. 49.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing currently scheduled for October 28, 2022 at 10:30 a.m. is VACATED.  Having considered the parties' papers and for the reasons below, the Court GRANTS the Motion.

I.     **INTRODUCTION**

On May 2, 2022, the Government initiated the instant civil forfeiture action. (Compl., Doc. 1) The Complaint seeks forfeiture of a multimillion-dollar mansion (the "Mansion") located in the Holmby Hills neighborhood of Los Angeles, California on the grounds that the Mansion "was involved in, constitutes, is derived from, and is traceable to unlawful bribes paid for the benefit of Gagik Khachatryan[,]" former finance minister of Armenia, and his sons Gurgen Khachatryan and Artyom Khachatryan.  (Compl. ¶¶ 1–2.)

The Complaint alleges that the Mansion is property involved in, or traceable to property involved in, a bribery and money-laundering scheme that involved an Armenian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-02902-JLS-PD                                       Date: October 18, 2022
Title:  United States of America v. Real Property in Los Angeles, California

official.  Armenian law criminalizes bribery of public officials and the receipt of bribe payments by those officials.  (*Id*. ¶¶ 55–58.)  It also makes public bribery offenses punishable by imprisonment for a term of over one year.  (*Id*. ¶ 59.)  The Complaint alleges that Armenian authorities charged Gagik Khachatryan with abuse of power and embezzlement on August 27, 2019, and then charged Gurgen Khachatryan and Artyom Khachatryan with receiving bribes from Sedrak Arustamyan, an executive officer or owner of more than 20 Armenian business entities, on July 22, 2020.  (*Id*. ¶ 34.)  On April 28 and April 29, 2020, Armenian authorities further charged Gurgen Khachatryan and Artyom Khachatryan with receiving bribes on behalf of their father and laundering the proceeds of the bribes through the use of sham loan agreements.  (*Id*. ¶ 35.)  According to the Complaint, the Khachatryans "formed entities to receive, disguise, and conceal illegal bribe payments," and used those entities to purchase and hold title to the Mansion.  (*Id*. ¶¶ 37–54.)

The Complaint alleges that the Mansion is traceable to or played a role in bribery and money-laundering schemes in violation of Armenian law as well as 18 U.S.C. §§ 1956 and 1957, which establish categories of "specified unlawful activity," including "an offense against a foreign nation … involving bribery of a public official."  18 U.S.C. § 1956(c)(7)(B)(iv).  Based on these allegations, the Government asserts that the Mansion subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), (B) and (C).

On June 16, 2022, the Claimants filed a verified claim of ownership interest in the Mansion. (Doc. 11.)  On June 27, 2022, Sedrak Arustamyan filed a verified claim of equitable interest and lienholder interest in the Mansion. (Doc. 19.)  On July 29, 2022, the Claimants served on the Government broad requests for production of documents that could uncover the details of ongoing prosecutions in Armenia and an ongoing federal criminal investigation, seeking, *inter alia*:

- All documents that tend to support or refute the allegations in the Complaint;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-02902-JLS-PD                                    Date: October 18, 2022
Title:  United States of America v. Real Property in Los Angeles, California

- All documents relating to any witnesses the Government has interviewed or otherwise may have discoverable information relevant in the above-captioned case, including any witness statements, notes, and FD-302(s) for all witnesses interviewed by the Government in this matter;

- All communications with foreign entities and law enforcement relating to this matter, including but not limited to, all formal MLAT requests the Government has sent to or received from the Armenian government and other countries, and all documents and communications involving foreign entities and individuals in connection with such MLAT requests;

- All documents the Government has provided to or received from Armenian law enforcement relating to this matter, including any document that tends to support or refute the allegations and claims in the Complaint or contains inculpatory or exculpatory information; and

- All documents the Government has produced to, or received from, any other party or third party in connection with a subpoena or request for documents or information in the above-captioned matter.

(Mot. at 5–6; Coll Decl. Ex. A at 5, Doc. 37-2.)  On September 23, 2022, the Government filed the instant Motion pursuant to 18 U.S.C. § 981(g), arguing that proceeding with civil discovery will adversely affect its ability to conduct a related, ongoing criminal investigation.  The Government has also filed *in camera* a declaration that details ongoing federal investigative efforts related to the Claimants and the Mansion.

**II.     LEGAL STANDARD**

Upon the Government's Motion, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-02902-JLS-PD                                                                    Date: October 18, 2022
Title:  United States of America v. Real Property in Los Angeles, California

criminal case." 18 U.S.C. § 981(g)(1).  As used in the statute, "related criminal investigation" means:

> [A]n actual … investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal … investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(3).  The statute's language is the product of an amendment by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that "broadened the stay relief significantly" and did away with any requirement that the Government show good cause to stay the case.  *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001).  "The statute requires no particularized showing of prejudice or harm; all the Court need determine is whether civil discovery will likely interfere with the criminal investigation."  *United States v. $399,000.00 in U.S. Currency*, 2022 WL 2284931, at *2 (C.D. Cal. Mar. 8, 2022) (citing *United States v. Real Property Located at 6415 N. Harrison Ave., Fresno Cty.*, 2012 WL 4364076, at *3 (E.D. Cal. Sep. 21, 2012)).

 The Government can show likely interference or adverse impact on an ongoing criminal investigation through a sworn declaration from an agent or government attorney with knowledge of the criminal investigation and the civil forfeiture case.  18 U.S.C. § 981(g)(5); *United States v. $600,980.00 in U.S. Currency*, 2022 WL 2284934, at *1–2 (C.D. Cal. Mar. 8, 2022); *see also United States v. $4,480,466.16*, 2019 WL 459645, at *3 (N.D. Tex. Feb. 6, 2019) ("A court may grant a stay based on ex parte affidavits or other documents demonstrating that civil discovery might threaten to reveal confidential informants or otherwise impair the criminal investigation.").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-02902-JLS-PD                                              Date: October 18, 2022
Title:  United States of America v. Real Property in Los Angeles, California

### III.  DISCUSSION

The Government argues that a mandatory stay pursuant to 18 U.S.C. § 981(g) is warranted because "proceeding with civil discovery in this case would likely jeopardize a related criminal investigation by, among other things, causing targets of the investigation to change channels for moving illicit funds, and by potentially causing the subjects to destroy or conceal evidence."  (Mot. at 6.)  The Government further argues that a stay is warranted because civil discovery will subject it to "broader discovery than [the Government] would be subject to in a criminal proceeding, and permit claimants and other third parties to obtain discovery earlier than they otherwise would be entitled to receive it in the criminal proceeding[.]"  (*Id.* at 7.)  If civil discovery proceeds, the Government argues, it will "likely suffer prejudice … because the government would be required to expose its strategy and evidence in the criminal investigation, and documents related to asset tracing and witness interviews."  (*Id.* at 8.)  Last, the Government argues that proceeding with civil discovery here will likely jeopardize ongoing criminal prosecutions and investigations in Armenia.  (*Id.* at 10.)  Alternatively, the Government requests that the Court stay this action pursuant to its inherent powers.  (*Id.* at 11.)

Claimants respond as follows.  First, they argue that the Government cannot plausibly claim that there is a risk of loss of evidence or control over implicated funds because the Government's investigation is complete and "the alleged evidence is known to all parties, the relevant witnesses are readily apparent, and the transactions in question were transparent and not in dispute."  (Opp. at 2, 9–11.)  Second, Claimants argue that the Court should reject the Government's "novel theory" that a stay is justified by ongoing criminal proceedings in Armenia.  (Opp. at 2, 16–17.)  Third, Claimants argue that "[a]ny criminal case the Government could have brought under the facts alleged in this proceeding is now time-barred by the relevant statute of limitations period."  (*Id.* at 2, 18–20.)  Fourth, Claimants argue that a narrowly tailored protective order that could safeguard the Government's investigation without delaying resolution of the case, not a stay, would be the appropriate remedy here.  (*Id.* at 2–3, 11.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-02902-JLS-PD                                                   Date: October 18, 2022
Title:  United States of America v. Real Property in Los Angeles, California

      The Government has carried its burden here.  The *in camera* declaration of FBI Special Agent Mark Newhouse clearly demonstrates that the Government is engaged in an ongoing investigation of criminal conduct related to this action and that civil discovery would likely jeopardize that investigation.  Thus, the Court finds that civil discovery here will likely adversely affect the Government's ability to conduct the related criminal investigation by subjecting the Government to broader and earlier discovery than would occur in a criminal proceeding.  In such circumstances, the statute's plain language mandates that the Government's request for a stay be granted.  *See* 18 U.S.C. § 981(g)(1); *see also United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, In the Name of Gold and Silver Reserve, Inc.*, 456 F.Supp.2d 64, 65 (D.D.C. 2006) ("Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay.").

      Claimants' argument that a protective order, not a stay, would be more appropriate here, is not persuasive.  The Government has shown that uncovering discoverable facts in these cases could expose its strategy and additional unknown evidence, including documents related to asset tracing and witness interviews.  Given the complexity of the alleged crimes and the sensitive diplomatic issues involved, a protective order is not sufficient to protect the interests of the Government and the public.  Further, the Court sees no reason to engage in piecemeal discovery with some discovery pursuant to protective order now only to be essentially repeated later after the criminal investigation has terminated.  Simply put, no workable protective order would allow Claimants to proceed with civil discovery in this case without jeopardizing the Government's criminal investigation and collaboration with Armenian authorities.

      The Court also notes that the length of the delay, while uncertain, does not have to be unduly long because the Court can reassess the need for terminating the stay if the criminal prosecution extends for an excessive period.  Nor have Claimants have provided any compelling statement of any prejudice that they might suffer other than that "every day that passes causes continued injury to Claimants' reputation and use of their Property."  (Opp. at 21.)  As the Government notes, "Claimants are still able to use and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-02902-JLS-PD                                     Date: October 18, 2022
Title: United States of America v. Real Property in Los Angeles, California

access the [Mansion]" and "were marketing the property for sale when the Government filed the complaint and the [G]overnment immediately proposed, and then agreed to, an interlocutory sale order which would permit any sale to proceed." (Reply at 11.) To the extent that the stay would delay resolution of this case, that is an issue inherent in any stay and does not weigh against the Government's request here.

### IV. CONCLUSION

      For the foregoing reasons, the Court GRANTS the Government's Motion and STAYS the Case pending resolution of the related criminal investigation and case. The Court also VACATES all hearing dates and deadlines currently in place in this case. The Government must file an ex parte status report on the related criminal investigation and case no later than 180 days from the issuance of this Order and continue to file such reports every 180 days until the stay is lifted.

                                                                                              Initials of Preparer: vrv