MARGARET A. MOESER, Acting Chief
D. HUNTER SMITH, Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 355-5705
Email: David.H.Smith@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-1785
     Facsimile:  (213) 894-0142
     E-mail:   Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>REAL PROPERTY IN LOS ANGELES, CALIFORNIA,<br><br><br>            Defendant. | No. 2:22-cv-02902-JLS-PDx<br><br>**STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE [UNDER SEAL]** |

## I. INTRODUCTION

By the signatures of their counsel hereunder, Plaintiff United States of America ("United States" or "the government"), and Claimants WRH, Inc., Gurgen Khachatryan, and Artyom Khachatryan ("Claimants," and together with the United States, the "Parties"), respectively request that the Court enter the Proposed Consent Judgment of Forfeiture lodged contemporaneously herewith, to carry into effect the terms of this stipulation (the "Stipulation"), which is dispositive of this action.

Nothing in this Stipulation or the Proposed Consent Judgment is intended to be or constitutes an admission of fault, wrongdoing, liability, or guilt on the part of Claimants. The entry of the Proposed Consent Judgment shall resolve all the government's civil forfeiture claims that have arisen on or before the date of this stipulation as to the defendant real property in Los Angeles, California described as:

> Lot 36 of Tract No. 9061, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 121, Pages 64 to 66 inclusive of Maps, in the Office of the County Recorder of said County

with Assessor's Parcel Number 4359-013-027 (the "Defendant Property"), and also known as 530 South Mapleton Drive.

## II. PROCEDURAL HISTORY

This action was commenced on May 22, 2022, against the Defendant Property. The government gave and published notice of the action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.

Claimants WRH, Inc., Gurgen Khachatryan, and Artyom Khachatryan

timely filed a claim to the Defendant Property. (DE 11). Sedrak Arustamyan filed the only other claim to the Defendant Property (DE 19), which he subsequently withdrew with prejudice. (DE 54). No other claims were filed, and the time for filing claims has expired. Thus, the only remaining claim is that of Claimants WRH, Inc., Gurgen Khachatryan, and Artyom Khachatryan. Entry of the Proposed Consent Judgment will resolve all claims of the Claimants with respect to the Defendant Property and is dispositive of this action.

On August 29, 2022, this Court entered an Order authorizing interlocutory sale of the Defendant Property. (DE 36).

**III. JURISDICTION AND TERMS**

    **A.   Jurisdiction And Basis For Forfeiture**

The Parties agree that this Court has jurisdiction over the Parties, this action, and the Defendant Property for purposes of this Stipulation. The Parties further agree that the allegations set out in the operative complaint, if true, would be sufficient to establish a basis for forfeiture of the Defendant Property. However, nothing contained in this Stipulation or the Proposed Consent Judgment is intended or should be interpreted as an admission of fault, guilt, liability, or any form of wrongdoing by Claimants. Notwithstanding any other provision of this Stipulation or the Proposed Consent Judgment, the forfeiture of the Defendant Property does not constitute a fine, penalty, or punitive damages.

    **B.   Terms**

1. The Parties, collectively and individually, and with the authority and intent of their respective predecessors, assigns, subsidiaries, parent companies, and affiliated entities, have entered

into this Stipulation to reach an agreement that forever resolves this action.

2. The Proposed Consent Judgment provides that Claimants shall forfeit to the government any right, title, or interest in the Defendant Property, and that no other right, title, or interest shall exist therein.

3. The Defendant Property has not been sold to date. As such, the Parties stipulate and agree that the August 29, 2022 Order authorizing interlocutory sale of the Property (DE 36) should be vacated and the Defendant Property forfeited pursuant to the terms of this Stipulation as set forth herein.

4. Upon forfeiture of the Defendant Property, the United States Marshals Service ("USMS") shall attempt to sell the Defendant Property at the highest obtainable market price as determined by the USMS, in its sole discretion, in accordance with its policies and procedures. The proceeds of any sale of the Defendant Property shall be distributed as follows:

    a. First, payment of the Parties' costs and expenses of the sale, which shall include, as applicable, real estate sales commissions (not to exceed 4% of the total sales price); seller's escrow fees; document recording fees; title fees; county/city transfer fees and taxes (including, if applicable, taxes pursuant to Measure ULA); reasonable inspection, appraisal and out-of-pocket fees incurred by the USMS's real property contractor in connection with the oversight, disposition and preservation of the

4

                Defendant Property, including expenditures incurred pursuant to paragraph 1 of the supplemental stipulation (Dkt. 75); and any liens against the Property, including materialman's and mechanic's liens, and any utilities or other expenses customarily required to complete a sale;

        b. Second, payment of any outstanding real property taxes to the relevant treasurer-tax collector to the date of closing of escrow, up to the available proceeds of the sale; and

        c. Third, to the extent funds remain (the "Net Proceeds"), 85% of such Net Proceeds shall be retained by the United States of America and 15% shall be released to Claimants (the "Released Funds"), according to the terms of this Stipulation.

5. In the event that any of the fees, costs, expenses, or taxes described in Paragraphs 4(a) and 4(b) are refunded to the United States or Claimants, they shall be added to the Net Proceeds and allocated as set forth in Paragraph 4(c), except that the amounts of any real property taxes paid by Claimants before forfeiture that are refunded or credited, in whole or in part, because they accrued or would have accrued after forfeiture shall not be added to the Net Proceeds and shall be refunded or credited in full to Claimants.

6. Claimants acknowledge that payments from the United States, including payment of the Released Funds, must be processed by the Department of Treasury, which may offset the payment to collect delinquent debts owed to the United States, any state, or past-due child support. Neither the Department of Justice nor the United States Marshals Service will receive any notification of any such offset. If a payment is offset or levied, Claimants will receive notification from the Department of Treasury at the last address provided by the debtor or the creditor agency. Claimants may also call the Department of Treasury at (800) 304-3107 to inquire if their payment was subject to an offset.

7. It is the present intention of the Money Laundering and Asset Recovery Section of the U.S. Department of Justice and the U.S. Attorney's Office for the Central District of California to recommend that the Net Proceeds retained by the United States, if appropriate and authorized by law, be used for the benefit of the people of the Republic of Armenia, after deduction of the government's associated costs, consistent with the government's prior practice in similar cases.

8. Claimants acknowledge that disposition of the Net Proceeds retained by the United States is within the sole discretion of the United States in accordance with law. It is Claimants' request that such funds be disbursed to the Republic of Armenia.

9. The Released Funds shall be paid to one or more bank account(s) to which payment may be made consistent with United States law as directed by Vinson & Elkins LLP ("Vinson & Elkins"). Vinson & Elkins shall provide all information required to facilitate the payment, including personal identification information required by

6

federal law or regulation, and shall complete all required documents. The payment of the Released Funds shall be made no later than 90 days after the closing of any sale of the Defendant Property, except that, if 90 days after the closing of such sale, the amount of the fees, costs, expenses, or taxes described in Paragraphs 4(a) and 4(b) above cannot be reasonably determined, the United States shall be permitted to hold in escrow such portion of the Released Funds that may be needed to satisfy such fees, costs, expenses, or taxes, until such time as they can be reasonably determined.

10. The government agrees that it shall not now nor in the future institute any action against Vinson & Elkins and/or Claimants, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released Funds, nor any interest earned on the Released Funds, for any acts or omissions preceding the date of this Stipulation and arising out of this action.

11. Claimants shall not contest or assist any other individual or entity in contesting the forfeiture--whether administrative, civil, or criminal--or sale of the Defendant Property, and shall cooperate in all respects with such forfeiture and sale.

12. Claimants shall execute such documents, and request that third parties execute such documents, as requested by the government for the purposes of facilitating transfer or clearing of title to and management or sale of the Defendant Property.

13. Claimants release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation and USMS, and its contractors, from any and all claims, actions, or liabilities arising out of or related to the seizure, retention, forfeiture, and sale of the Defendant

Property and the commencement of this action, including any claim for attorneys' fees or costs, which may be asserted against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Claimants waive any rights they may have to remission or mitigation in connection with the forfeiture of the Defendant Property.

14. The Parties shall attempt in good faith to resolve any disputes about the interpretation of or compliance with the terms of this Stipulation or the Proposed Consent Judgment. Should the Parties be unable to resolve any such dispute, either party may move the Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Stipulation and Proposed Consent Judgment.

15. The Parties further stipulate and agree that the Court's entry of the Proposed Consent Judgment shall constitute final and complete satisfaction of all claims asserted by the government and Claimants as relates to this action with respect to the Defendant Property. The Parties agree that they will not appeal the Court's entry of the Proposed Consent Judgment and hereby waive appeal of the entry of such judgment and of all prior orders of the Court merged

//

//

therein. Except as expressly provided otherwise in this Stipulation, each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and forfeiture of the Defendant Property.

SO STIPULATED.

MARGARET A. MOESER,
Acting Chief
Money Laundering and Asset Recovery Section,
Criminal Division
United States Department of Justice

*/s/ D. Hunter Smith*
D. HUNTER SMITH, Trial Attorney

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/*
MAXWELL COLL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

EPHRAIM WERNICK
Vinson & Elkins LLP

Attorney for Claimants WRH, Inc., Gurgen Khachatryan, and Artyom Khachatryan

WRH, Inc.
Printed Name: Ted Khachatrian
Title: Secretary

Gurgen Khachatryan

Artyom Khachatryan

9